UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIM LOUISE SMITH,

      **Plaintiff,**

v.

                 18-CV-759-HKS

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security,**

      **Defendant.**

## DECISION AND ORDER

    Plaintiff, Kim Louise Smith, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Act.  Dkt. No. 1.  This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c).  Dkt. No. 12.

  Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 7, 10.  For the reasons that follow, Plaintiff's motion (Dkt. No. 7) is DENIED and Defendant's motion (Dkt. No. 10) is GRANTED.

**BACKGROUND**

On March 28, 2015, Plaintiff protectively filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging disability since February 11, 2015, due to: breast cancer, diabetes, high cholesterol, right arm numbness, joint pain, hot flashes, diarrhea, and depression. Tr.[1] 204,219. On August 26, 2015, Plaintiff's claims were denied by the SSA at the initial level and she requested review. Tr. 92. On November 6, 2017, Plaintiff appeared with her attorney and testified along with a vocational expert ("VE") before Administrative Law Judge, Lynette Gohr ("the ALJ"). Tr. 42-73. On January 31, 2018, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act. Tr. 13-33. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on May 14, 2018. Tr. 1-7. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a

---

[1] References to "Tr." are to the administrative record in this matter. Dkt No. 7.

mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or

3

medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. First, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. Tr. 18. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 19, 2015, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff has the following severe

impairments: breast cancer, in remission; diabetes mellitus; COPD; and obesity. Tr. 18. The ALJ found Plaintiff has following non-severe impairments: hyperlipidemia, GERD, basal cell carcinoma, depression, and anxiety. Tr. 18-19. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment. Tr. 21.

Next, the ALJ determined Plaintiff retained the RFC to perform a limited range of medium work.[2] Tr. 21-22. The ALJ found Plaintiff can occasionally climb ramps, and stairs; can never climb ladders, ropes, and scaffolds; can frequently, stoop, kneel, crouch, and crawl; and can occasionally reach overhead with the right upper extremity but cannot operate foot controls with the bilateral feet. *Id.* The ALJ also found Plaintiff must avoid concentrated exposure to extreme heat, extreme cold, humidity, wetness, dust, odors, fumes and pulmonary irritants. Tr. 22.

At step four, the ALJ relied on the VE's testimony and found Plaintiff was capable of performing her past relevant work as a "Home Attendant" and "Psychiatric Aide." Tr. 25. At step five the ALJ concluded, based on the VE's testimony that Plaintiff was capable of performing other work that existed in significant numbers in the national economy. Tr. 26-27. Specifically, the ALJ found Plaintiff could perform the following jobs requiring a medium level of exertion: "Store Laborer," "Linen Room Attendant," and

---

[2] "Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to fifty pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

5

"Coffee Maker." Tr. 26-27. Accordingly, the ALJ found Plaintiff was not disabled under the Act from January 19, 2015, through January 31, 2018. Tr. 27.

## II. Analysis

Plaintiff argues that remand is warranted because: (1) the ALJ erred by failing to perform a function-by-function analysis in support of her finding that Plaintiff retained the RFC to perform work at a medium exertional level with limitations; and (2) erred in evaluating Plaintiff's subjective complaints. Dkt. No. 7 at 11, 16. The Commissioner contends the ALJ's decision is supported by substantial evidence and should be affirmed. Dkt. No. 10 at 13. This Court agrees with the Commissioner for the reasons that follow.

### (1) The ALJ's decision contains an assessment of Plaintiff's functional limitations and restrictions that is supported by substantial evidence.

Plaintiff asserts that the ALJ's assessment is not supported by substantial evidence because it lacks function-by-function assessment of her ability to perform the requirements of medium work. Dkt. No. 7 at 11. A claimant's RFC is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "The Act's regulations require that the ALJ include in [her] RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Heil v. Comm'r of Soc. Sec.*, 2017 WL 5467714, *4 (W.D.N.Y. 2017) (quoting *Palasack v. Colvin*, 2014 WL 1920510, at *10 (W.D.N.Y. 2014). The Second Circuit Court of Appeals has held:

6

"Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, […] remand is not necessary merely because an explicit function-by-function analysis was not performed." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). However, remand may be warranted where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review. *Id.* at 177-78.

Here, this Court notes the ALJ's RFC analysis contains a detailed discussion of the objective evidence and medical opinions of record. Tr. 22-25. The ALJ specifically assessed Plaintiff's capacity to perform relevant functions in discussing each of Plaintiff's impairments and identified the corresponding RFC limitations she assessed to accommodate them. Tr. 24-25. The ALJ noted that with respect to Plaintiff's breast cancer therapy, medication, fatigue, joint pain, COPD, obesity, and diabetes, Plaintiff is unable to sustain the lifting, standing, or walking requirements of heavy or greater exertional work. Tr. 24. She explained that Plaintiff's successful re-excision and radiation therapy, her generally mild to moderate symptoms reported thereafter, generally unremarkable physical examinations, and the extent of her daily activities suggest Plaintiff is still capable of performing medium work. *Id.* The ALJ further explained that Plaintiff's joint pain, fatigue, and related symptoms further limit Plaintiff to positions where she can occasionally climb ramps and stairs; can never climb

ladders, ropes, and scaffolds; and can frequently stoop, kneel, crouch, and crawl. The ALJ also accommodated Plaintiff's COPD, finding she must avoid concentrated exposure to extreme heat, extreme cold, humidity, wetness, dust, odors, fumes, and pulmonary irritants. *Id.* Finally, the ALJ indicated because of Plaintiff's arm discomfort, diabetes, and joint pain, she can only occasionally reach overhead with the right upper extremity and cannot operate foot controls with her bilateral feet. Tr. 24-25.

Plaintiff cites *Hofsommer v. Berryhill*, 332 F. Supp 3d 519, 533 (S.D.N.Y. 2018) (citation omitted), in support of her contention that the ALJ did not properly explain Plaintiff's functioning. In *Hofsommer*, the ALJ found the claimant suffered from severe impairments including a rotator cuff tear and osteoarthritis of the right shoulder. 332 F.Supp 3d at 534. The Court found the RFC was unsupported by substantial evidence where the ALJ failed to reconcile a conflicting opinion from the claimant's treating physician that the claimant was unable to push, pull, lift, or carry at all. *Id.* at 534.

Here, unlike the ALJ in *Hofsommer,* the ALJ's RFC finding in the instant matter is supported by the medical opinions of record. The ALJ found Plaintiff would be unable to sustain the lifting, standing, or walking requirements of heavy or greater exertional work and included limitations on Plaintiff's ability to reach overhead with her right upper extremity and restrictions on her exposure to respiratory irritants. Tr. 24-25. This is consistent with the opinion of consultative examiner Michael Rosenberg, MD ("Dr. Rosenberg") who opined Plaintiff has mild restrictions for activities that involve

8

carrying heavy objects or performing overhead activity secondary to her limited [range of motion] of the right shoulder secondary to her recent breast cancer surgery; and should avoid smoke dust, or other known respiratory irritants.  Tr. 445.  The RFC is also consistent with the opinion of Plaintiff's oncologist, Jairus Ibabao, MD ("Dr. Ibabao"), who noted tenderness at the right axilla and mild anxiety as Plaintiff's only symptoms related to her breast cancer treatment.  Tr. 648.

Accordingly, this Court finds that the ALJ's assessment of Plaintiff's functional limitations and restrictions is supported by substantial evidence.  The ALJ conducted an assessment of Plaintiff's ability to perform the requirements of medium work and adequately considered Plaintiff's right arm pain.

**(2) The ALJ's Evaluation of Plaintiff's Subjective Complaints is supported by substantial evidence.**

Social Security Regulations require a two-step process for the ALJ to evaluate a claimant's subjective complaints.  First the ALJ is directed to consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. 20 C.F.R. § 404.1529(a).  Second, if an impairment is shown, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities.  20 C.F.R. § 404.1529(b).  When objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must consider the case record as a whole.

9

*Scitney v. Colvin*, 41 F.Supp.3d 289, 303 (W.D.N.Y. 2014). The ALJ must also consider the following factors: (1) daily activities; (2) location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; (7) and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(b)(3)(i)-(vii). However, an ALJ need only discuss factors that are pertinent to the evidence of record.

Here, Plaintiff argues the ALJ erred in evaluating or failing to consider the following: (1) Plaintiff's daily activities; (4) Plaintiff's side effects from Arimidex and Norco; and (6) Plaintiff's knee brace. Dkt. No. 7 at 16.

The ALJ applied the two-step analysis and found Plaintiff's medically determinable impairments could be reasonably expected to cause her alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 22.

Plaintiff argues the ALJ erred in evaluating her daily activities by "merely reciting evidence" and "relying on her personal care, cooking, cleaning, doing laundry,

10

and washing dishes" to contradict her subjective complaints. Dkt. No. 7 at 19. In considering Plaintiff's testimony, the ALJ stated:

"In a prehearing Function Report, the [Plaintiff] stated that she has difficulty with personal care and daily chores due to fatigue, difficulty opening things, and trouble lifting heavy objects…. At the hearing, the [Plaintiff] testified that she continued to feel pain in her right armpit and arm and as a result, she has difficulty lifting…. She also stated that she sleeps often during the day due to fatigue and that she needs assistance with some daily chores, such as helping to lift groceries. She testified that overall, she can lift up to ten pounds, can sit for one to two hours at a time, and can walk for twenty minutes at a time." Tr. 22.

Specifically, the ALJ concluded Plaintiff's testimony about her daily activities was inconsistent with medical reports from Dr. Rosenberg and the psychiatric consultative examiner, Yu-Ying Lin, PH.D. ("Dr. Lin"):

"Although the [Plaintiff] has alleged needing assistance with lifting and completing chores due to fatigue, the [Plaintiff] has reported that she can complete personal care, cook, clean, do laundry, and shop by herself (5F/3, 6F/2). The [Plaintiff] also reported that she spends her days reading, watching TV, washing dishes, and performing household chores (5F/3). This evidence suggests a greater functional ability than alleged." Tr. 23. Evidence that a claimant is capable of engaging in varied activities despite allegations of severe pain is supportive of a conclusion that her alleged symptoms are not disabling. *See Carter v. Astrue*, 2013 WL 1499414, at *17 (S.D.N.Y. 2013) (finding Plaintiff's testimony that he could only sit or stand for fifteen to twenty minutes and could only lift the weight of a pillow was inconsistent with daily activities like cooking, cleaning, and attending church services, and therefore the ALJ properly discredited this testimony).

Plaintiff also contends the ALJ failed to properly consider the side effects of her medications where the ALJ did not discuss side effects from Arimidex or that she had been prescribed Norco multiple times. Dkt. No. 7 at 19. However, the ALJ noted Plaintiff began taking Arimidex and Gabapentin after she completed radiotherapy in June 2015. Tr. 23. The ALJ observed that Plaintiff continued to report joint pain, fatigue, hot flashes, and tiredness while taking her post-radiation medication; however,

11

during treatment visits in 2015 and 2016, she described her pain as moderate in nature with occasional symptoms. *Id.* The ALJ further observed that in 2017 Plaintiff reported mild to moderate pain while demonstrating mild tenderness and minimal or mild edema. *Id.* Specifically, regarding Plaintiff's complaints of fatigue, the ALJ noted that she denied fatigue on examination with her oncologist, Dr. Ibabao. *Id.*

In support of her argument, Plaintiff identifies a single comment by a physician's assistant that her complaints of myalgia and myositis were "possibly related to Arimidex." Dkt. No. 7 at 19 (citing Tr. 554). Further, Plaintiff fails to identify how the ALJ's consideration of her occasional use of the medication Norco is relevant to the ALJ's assessment other than the simple fact that she took the medication. In reviewing the medical examination records, this Court notes Plaintiff denied any side effects from Norco on examination in March 2016. Tr. 589. The ALJ thoroughly considered Plaintiff's medications and the evidence cited by the Plaintiff is insufficient to call into question the ALJ's finding.

Lastly, Plaintiff argues that the ALJ failed to consider the sixth factor, "any measures other than treatment the individual uses or has used to relieve pain or other symptoms," by ignoring Plaintiff's knee brace in evaluating her subjective complaints. Dkt. No. 7 at 19. Plaintiff cites to a single examination record in June 2016, where she was prescribed a knee brace by a Nurse Practitioner after she complained of knee pain during an examination. *Id.* (citing Tr. 593). However, the knee support was prescribed for daily use for one to two weeks, as needed. Tr. 593. The ALJ also noted Plaintiff's

generally unremarkable physical examinations with full range of motion and normal neurologic findings.  Tr. 24.

This Court finds the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence.  The ALJ properly considered Plaintiff's medication Arimidex and her omission of Plaintiff's medication Norco and knee brace in evaluating the subjective complaints is harmless error.  *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d. Cir. 2010).

## CONCLUSION

For these reasons, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 10) is GRANTED.  Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 7) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 11, 2020

                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**